BLOCH and others v. ABRAHAMS and another.

(*Circuit Court, E. D. Missouri, E. D.* April 19, 1887.)

EQUITY—JURISDICTION—FRAUDULENT SALE—SUIT TO SET ASIDE.

A. levied an attachment on certain goods, supposed to belong to his debtor, B., and C. claimed them as purchaser from B. A. gave bond in accordance with the provisions of the Missouri statutes, and the goods were sold. *Held,* that A., having under the statute an adequate remedy at law in the proceeding instituted by C., could not maintain a suit in equity against C., to have the sale to the latter set aside as fraudulent and void.

In Equity. Demurrer to bill.

Suit by creditors against M. Abrahams and S. Desberger, in aid of attachment suits instituted by them in this court, and still pending and untried.

*Krum & Jonas,* for complainants.

*Martin, Laughlin & Kern,* for Abrahams.

*A Binswanger,* for Desberger.

BREWER, J., (*orally.*) In this case, attaching creditors levied their attachments upon a stock of goods. A party claiming to be a purchaser interposed his claim in accordance with the provision of the state statute. The attaching creditors gave bond, which preserved the goods in the hands of the officer, and the sale was ordered to be made. The attaching creditors now file this bill, setting up that the alleged purchase by this claimant was fraudulent and void, and seeking to have a decree of this court canceling the bill of sale. A demurrer is interposed. The federal statutes contain this specific provision: that no suit in equity can be maintained whenever there is a plain and adequate remedy at law. This provision of the federal statutes is binding upon this court, no matter what may be the scope and extent of any state statute. It seems to us that, in the proceeding instituted by this claimant at law, the question of the alleged invalidity of his purchase and the transfer can be fully

and adequately determined. That being the case, there is no need, and not only is there no need, but there would be an impropriety, in sustaining a bill in equity to accomplish the same result. This I think is clear, under the federal statutes, and my Brother THAYER, who, of course, is familiar with the practice in the state courts, says no such bill would be sustained there. The demurrer will therefore be sustained.